# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-008V

| | |
|---|---|
| PATRICIA PUCCIO,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 5, 2024 |

*Matthew Benjamin Moreland*, Jim S. Hall & Associates, Metairie, LA, *for Petitioner.*

*Emilie Williams*, U.S. Department of Justice, Washington, DC, *for Respondent.*

### DECISION DISMISSING PETITION[1]

On January 3, 2020, Patricia C. Puccio filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on January 7, 2017. Petition at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Petitioner has filed an expert report in support of the claim from Dr. Daniel Trahant, who opines that her development of left subacromial bursitis and rotator cuff impingement syndrome were due to the relevant vaccination (and the area in which it was given). Ex. 5 at 2.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 6, 2021, Respondent filed his report pursuant to Vaccine Rule 4(c) contesting entitlement. Respondent's Report, ECF No. 24. Respondent argued that Petitioner failed to show that the onset of her shoulder pain began within 48-hours of vaccination and that she failed to show that she suffered six months of residual effects from her alleged injury, as required by the Vaccine Act. *Id*. at 5-6. Respondent also stated that Petitioner failed to prove causation-in-fact. *Id*. at 6.

On December 14, 2021, I issued a Scheduling Order after reviewing the records in this case, including Petitioner's expert report and Respondent's Rule 4(c) Report. ECF No. 35. I strongly encouraged the parties to attempt to informally resolve this case and to file a status report with an update. Since that time, however, there have been no updates on the status of settlement discussions. Additional scheduling orders were issued on February 8, 2022, and September 21, 2022, for Petitioner to file an update regarding the status of settlement discussions. On April 7, 2023, I filed an Order to Show Cause stating that the petition would be dismissed if Petitioner failed to respond. ECF No. 26. To date, Petitioner has not complied with these orders and there has been no further docket activity on this case since 2021, besides the Scheduling, Status Report and Show Cause Orders that I have issued.

Under the Vaccine Act, a petition for compensation must contain "supporting documentation, demonstrating that the person who suffered [a vaccine related injury] ...suffered the residual effects or complications of such illness, disability, injury, or condition for more than 6 months after the administration of the vaccine." Section 11(c)(1)(D)(i). The burden is on the petitioner to establish, by a preponderance of the evidence, the persistence of a vaccine-caused injury for longer than six months. *Song v. Sec'y of Health & Human Servs.,* 31 Fed. Cl. 61, 65–66, *aff'd*, 41 F.3d 1520 (Fed.Cir.1994). A petitioner cannot establish the length or ongoing nature of an injury merely through her self-assertion. Rather, the petition must be supported by medical records or by the opinion of a competent physician. *See* Section 13(a)(1). Petitioner bears the burden of proving a prima facie case by a preponderance of the evidence. Section 13(a)(1)(A); *see also Moberly v. Sec'y of Health & Human Services*, 592 F.3d 1315, 1321 (Fed. Cir. 2010).

Respondent has challenged the six-month severity requirement arguing that the 12-month treatment gap from approximately three months to 15 months post-vaccination show that Petitioner's initial symptoms resolved. Respondent's Report at 6. Respondent has also challenged the Table SIRVA claim based on Petitioner's failure to prove onset and has challenged the causation claim. I directed the parties to attempt to informally resolve this case. However, Ms. Puccio has failed to contact Respondent to discuss settlement, and has failed to further support her claim with sufficient proof, including medical records, affidavits, and/or the opinion of a medical expert to substantiate her

claim that her injury persisted for more than six months. Petitioner has also failed to prove that she has met the onset requirement, and despite multiple orders directing her to file this information, her expert's report does not establish causation.

An additional ground for dismissal herein arises from Petitioner's general failure to prosecute this matter. It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the April 7, 2023 Order to Show Cause, and in my previous September 21, 2022 Scheduling Order that she risked dismissal of the claim. I ultimately set a final deadline to act by May 19, 2023. But Petitioner continued to disregard my orders without justification or explanation.

## Conclusion

To date, and despite ample opportunity, Petitioner has failed to provide preponderant evidence that she suffered the residual effects of her injury for more than six months or suffered an in hospital surgical intervention. Section 11(c)(1)(D)(i). She has also failed to respond to the Order to Show Cause issued on April 7, 2023. Accordingly, this case is DISMISSED for failure to prosecute and insufficient proof. The Clerk of Court shall enter judgment accordingly. [3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

4